OPINION
Appellant Cecil P. Kirkland appeals a judgment of the Stark County Common Pleas Court dismissing his Petition for Post-conviction Relief (R.C. 2953.21):
ASSIGNMENTS OF ERROR:
 I. THAT THE TRIAL COUNSEL FOR THE DEFENDANT WAS INADEQUATE AND DID NOT PROVIDE DEFENDANT EFFECTIVE ASSISTANCE OF COUNSEL AS IT PERTAINS TO THE DUE PROCESS FAIR HEARING RIGHT TO COUNSEL AND THE SIXTH AMENDMENT RIGHT TO COUNSEL, AND THE EQUAL PROTECTION RIGHT TO COUNSEL AS DICTATED BY LAW.
 II. THAT THE DEFENDANT IN HIS PETITION FOR POST-CONVICTION RELIEF DID DEFINATELY [SIC[ SUMMARIZE SPECIFIC GROUNDS FOR RELIEF; IN PARTICULAR: THE INEFFECTIVENESS OF TRIAL COUNSEL, AND AN ILLEGAL STATEMENT THAT WAS ILLEGALLY TAKEN AND USED AGAINST DEFENDANT.
Appellant worked with the Massillon Police Department's special investigations unit for over one year as a confidential informant. During this time, appellant had been in the unit's office, where evidence was stored. Appellant observed Detective Bruce Wilson unlock the cabinet to retrieve his cash payment.
On March 2, 1997, appellant broke into the office and stole evidence, including $7,000 in cash and over 180 grams of crack cocaine. The building janitor discovered the break-in the next day. The evidence cabinet was always locked, with only Detective Wilson and the office secretary having keys to the cabinet. The stolen evidence pertained to two defendants: Mark Jones and Marcellus Woods. Appellant was involved as a confidential informant on two of the three charges against Jones.
Detective Wilson spoke with appellant on the day the break in was discovered. Appellant gave a written statement claiming that at the time of break in, he was with his girlfriend, sister, mother, and a friend at the Elks Club. Detective Wilson thought he observed glass slivers in the soles of appellant's shoes. Appellant agreed to turn over the shoes for testing. Glass samples were also collected from the carpet in appellant's car, with his consent.
Appellant was arrested on March 15, 1997. After appellant's girlfriend gave Detective Wilson a taped statement, appellant admitted his involvement in the break-in. Appellant gave a detailed confession, claiming that he smoked some of the drugs, and kept some of the money, and gave some of the drugs and money away. However, appellant claimed that he dumped most of the drugs and money into a river. Appellant alleged that his motivation for the break-in was threats made by Jones and Jones' wife for his involvement as an informant.
Appellant was indicted for Possession of Cocaine (R.C.2925.11), Tampering with Evidence (R.C. 2921.12), Breaking and Entering (R.C. 2911.13), and Theft (R.C. 2913.02). The case proceeded to jury trial in the Stark County Common Pleas Court. At trial, appellant did not deny breaking into the office and stealing the evidence. However, he claimed that he committed the crime under duress from Jones.
Appellant was convicted as charged, and sentenced to ten years incarceration for Possession of Cocaine, twelve months incarceration for Theft, to be served concurrently. He was also sentenced to one year incarceration for Tampering with Evidence, and six months for Breaking and Entering, to be served consecutively to the sentences for Possession of Cocaine and Theft.
Appellant appealed to this court, claiming that the jury's verdict was against the manifest weight of the evidence, and counsel was ineffective for failing to move to suppress his taped confession on the grounds of coercion. This court affirmed the judgment of conviction and sentence. State vs. Kirkland (June 22, 1998), Stark App. No. 1997CA00168, unreported.
Appellant filed a Petition for Post-conviction Relief, claiming that counsel was ineffective for failing to challenge multiple convictions for the same act, and for failing to move to suppress his confession. Appellant claimed that when he gave the confession to Detective Wilson, he explicitly explained that he was illiterate and did not understand his rights. The court dismissed the petition without a hearing.
 I.
Appellant argued in his Petition for Post-conviction Relief, and on appeal, that counsel was ineffective for failing to challenge the multiple convictions and sentences for a single act, and for failing to challenge the admission of his confession. Appellant did not support his claims with evidentiary material. A post-conviction petition that raises ineffective assistance of counsel must support that claim with evidentiary material in order to avoid summary dismissal. State vs. Jackson (1980),64 Ohio St.2d 107. The court did not err in summarily dismissing the petition, as appellant made general conclusory allegations in his petition to the effect that he had been denied effective assistance of counsel, but did not support the claim with evidentiary quality materials as required byJackson, supra.
The first Assignment of Error is overruled.
 II.
Appellant argues that he summarized specific grounds for relief in his petition, and the court, therefore, erred in dismissing the petition without a hearing. As discussed in Assignment of Error I. above, appellant did not support his claims with evidentiary material. Accordingly, the court did not err in summarily dismissing the petition.
The second Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.